**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

IRENE ESQUIBEL,

    Plaintiff,

v.                                                                                                      No. Civ. 09-235 LH/LFG

JOHN Q. HAMMONS HOTELS MANAGEMENT,
LLC d/b/a EMBASSY SUITES HOTEL,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. 56). Plaintiff seeks summary judgment on the issues of the negligence of Defendant, lack of comparative negligence of Plaintiff, and lack of comparative negligence of third persons. The Court, having considered the motion, briefs, evidence, applicable law, and otherwise being fully advised, concludes that Plaintiff's motion should be granted to the extent that the Court concludes as a matter of law that Defendant breached its duty of ordinary care to Plaintiff, Plaintiff did not act negligently, and no other non-employee of Defendant acted negligently with respect to the incident in question. Because issues of fact exist on the issues of proximate cause and damages, the Court will not grant Plaintiff judgment on her negligence claim.

**I.**    **BACKGROUND**

    On August 28, 2006, Plaintiff attended a business luncheon at the Embassy Suites Hotel in Albuquerque, New Mexico, a John Q. Hammond Hotel. (Pl.'s Mot., Undisputed Fact ("UF") ¶ 1.) While she was seated at a table in the banquet hall, a plate with food and a cover carried by a server

employed by Defendant fell from a tray striking Plaintiff on her right shoulder leaving food on her clothing. (*Id.*, UF ¶ 2.) The server, Isabelle Corona, was acting in the course and scope of her employment when the plate was dropped on Plaintiff. (*See id.*, UF ¶¶ 3, 17[1].) At the time the plate, cover, and food were dropped on her, Plaintiff heard someone call, "watch it," so she turned her head to see what was dropping. (*Id.*, UF ¶ 4.) Plaintiff felt herself moving forward, then she felt something heavy fall on her shoulder and saw a broken plate and food all over her skirt. (*Id.*) Plaintiff did not see the server who dropped the plate and cover prior to them falling on her. (*See* Def.'s Resp., Ex. A at 50, 82.)

Plaintiff did nothing to cause the server to drop the objects onto her. (Pl.'s Mot., UF ¶ 6.) Nor did the server ever indicate that someone else caused her to spill the plate and cover. (*See id.*, Mark Gundlach Dep. (Doc. 56-4) at 14, Augusta Lucero Dep. (Doc. 56-5) at 14-15, & Nora Peña Dep. (Doc. 56-6) at 16.) Rather, the server at the time of the accident admitted to Nora Peña, the assistant banquet manager at Embassy Suites, that she had spilled a plate or lid on the guest. (*See id.*, UF ¶ 13 & Peña Dep. 8.) No one else could have caused this incident other than the server or another person employed by Defendant who loaded the plate onto the tray in the kitchen. (*See id.*, UF ¶¶ 14-15, 18; Peña Dep. 10-11, 21; & Def.'s Resp. to Pl.'s First Set of Request for Admissions (Doc. 56-2) ¶ 6.) The employee who loads the trays has the responsibility to make sure that the plates and lids are secure. (*See id.*, UF ¶ 16.) A diner has no control over how the plates are loaded on the trays. (*See id.*)

A plate and cover falling on a guest who is merely sitting at a table does not meet the level

---

[1] In Plaintiff's motion, the list of undisputed facts contains two paragraphs labeled "15" and two paragraphs labeled "16." For ease of reference, the Court will refer to the second paragraph "15" as "¶ 17" and the second paragraph 16 as "¶ 18."

of care that Mark Gundlach, the general manager of the Embassy Suites Hotel in Albuquerque, expects of servers working at his facility.  (*See id.*, UF ¶¶ 10-11 & Gundlach Dep. 10-11.)  Mr. Gundlach has not obtained any information suggesting that someone else other than the server contributed to the accident.  (*Id.*, UF ¶ 12.)

Plaintiff asserts that she has sustained numerous physical and mental injuries as a result of the plate and cover falling on her: pain in her neck and shoulder blade; numbness in her arm, hand, and fingers; weakness in her arm and hand; headaches; memory loss; anxiety and panic attacks; insomnia; confusion; depression; suicidal thoughts from the pain; and feeling like jumping out of her car while driving.  (*See* Def.'s Resp., Ex. A at 127, 129, 145-46.)  However, Dr. Theresa Genovese-Elliot, one of Plaintiff's treating physicians, cannot match up how the mechanism of injury correlates with the pathologic findings in Plaintiff's cervical MRI.  (*See id.*, Ex. B at 15.)  Dr. Elliot is unclear how a serving tray hitting Plaintiff on the back of the shoulder would cause her disc to herniate in her neck.  (*See id.*, Ex. B at 17.)  According to Dr. Elliot, with respect to Plaintiff's right shoulder injury, Plaintiff's symptomatology seemed out of proportion to her physical exam findings and imaging study results.  (*Id.*, Ex. B at 13.)  Dr. Elliot believes that Plaintiff's degree of discomfort appeared out of proportion to what the physical exam findings indicated.  *(See id.*, Ex. B at 18.)  In addition, Plaintiff had a pre-existing degenerative disc disease that was not caused by the incident in question.  (*Id.*, Ex. B at 20.)  Based on Plaintiff's medical records and her history, Dr. Elliot believes, within a reasonable degree of medical probability, that the plate and cover falling on Plaintiff is not what caused her neck pain.  (*See id.*, Ex. B at 41-42.)  Dr. Edward Naimark, one of Plaintiff's psychologists, also believes that Plaintiff overstated her emotional difficulties to a marked degree.  (*See id.*, Ex. C at 16.)

**II.    STANDARD**

Summary judgment is appropriate only if "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." *Id.* (internal quotations omitted). Under Rule 56(c), the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, only disputes of facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Id.* at 248.

Initially, the moving party bears the burden of showing that no genuine issue of material fact exists. *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). Once the moving party meets its burden, the nonmoving party must show that genuine issues remain for trial. *Id.* The nonmoving party must go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.*; *Kaus v. Standard Ins. Co.*, 985 F.Supp. 1277, 1281 (D. Kan. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Anderson*, 477 U.S. at 248.

### III.  DISCUSSION

Plaintiff argues that she is entitled to partial summary judgment on the following three issues: Defendant was negligent; Plaintiff was not comparatively negligent; and no other person or entity contributed to the accident. Defendant argues that Plaintiff did not actually see the server

drop the plate and cover, and therefore, she has failed to establish Defendant was negligent. Defendant also asserts that summary judgment is generally not appropriate in negligence cases. Finally, Defendant contends that factual disputes exist on the issue of causation, and that because Plaintiff has not demonstrated that any act or omission by Defendant was the proximate cause of her specific injuries, summary judgment on her negligence cause of action must be denied. In her reply, Plaintiff acknowledges that issues of fact exist as to proximate cause, but that those factual issues are separate and distinct from the issue of negligence for which no factual disputes exist.

As an initial matter, there is no dispute that Defendant is vicariously liable for the actions or omissions of its server, Isabelle Corona, at the time of the incident. Vicarious liability of an employer attaches where the negligent actor was an employee and was acting within the scope of her employment at the time of the occurrence. *See Cain v. Champion Window Co. of Albuquerque*, LLC, 2007-NMCA-085, ¶ 8, 164 P.3d 90; N.M. UJI 13-406. It is undisputed that Ms. Corona was Defendant's employee and was acting within the scope of her employment at the time she dropped the plate and cover on Plaintiff. It is also undisputed that no one else could have caused this incident other than the server or another person employed by Defendant who loaded the plate onto the tray in the kitchen. Defendant is therefore vicariously liable for the actions or omissions of Ms. Corona and of whichever employee loaded the plate on the tray.

To establish a negligence claim in New Mexico, the plaintiff must prove defendant had a legal duty to the plaintiff, defendant breached that duty, and the breach was the proximate cause of plaintiff's damages. *See Spencer v. Health Force, Inc.*, 2005-NMSC-002, ¶ 18, 107 P.3d 504 (2005). Whether a duty exists is a question of law. *Herrera v. Quality Pontiac*, 2003-NMSC-18, ¶ 6, 73 P.3d 181. Breach of duty is generally a fact question for a jury. *Solorzano v. Bristow*, 2004-NMCA-136, ¶ 22, 103 P.3d 582.

If a plaintiff and injury to the plaintiff were foreseeable, then a duty is owed to the plaintiff by the defendant. *Herrera*, 2003-NMSC-018, ¶ 7, 73 P.3d 181. Policy also determines the duty. *See id.* Even if a plaintiff, event, and injury are foreseeable, a court must determine whether the duty of the defendant is one to which the law will give recognition and effect. *Chavez v. Desert Eagle Distributing Co. of N.M.*, 2007-NMCA-018, ¶ 9, 151 P.3d 77 (quoting *Madrid v. Lincoln County Med. Ctr.*, 909 P.2d 14, 20 (Ct. App. 1995)). A duty may be established by statute or common law. *Spencer*, 2005-NMSC-002, ¶ 11, 107 P.3d 504.

As relevant here, under common law, "[e]very person has a duty to exercise ordinary care for the safety of the person and the property of others." N.M. UJI 13-1604. *See also Knapp v. Fraternal Order of Eagles*, 738 P.2d 129, 131 (Ct. App. 1987). Both Ms. Corona, and the employee who loaded the tray, therefore had a duty to Plaintiff to exercise ordinary care for her safety.

Ordinary care is the care that a reasonably prudent person would use in the conduct of the person's own affairs and varies with the nature of what is being done. N.M. UJI 13-1603. The conduct in question must be considered in light of all the surrounding circumstances. *Id.*; *Solorzano*, 2004-NMCA-136, ¶ 22, 103 P.3d 582. "Whether a defendant breached her duty of care is a question of the reasonableness of her conduct." *Solorzano*, 2004-NMCA-136, ¶ 22 (citing *Knapp*, 738 P.2d at 131). Whether the defendant breached the duty of ordinary care "entails a determination of what a reasonably prudent person would foresee, what an unreasonable risk of injury would be, and what would constitute an exercise of ordinary care in light of all the surrounding circumstances." *Herrera*, 2003-NMSC-018, ¶ 33, 73 P.3d 181 (quoting *Bober v. N.M. State Fair*, 808 P.2d 614, 620 (1991)). Determining breach of this duty "is a factual determination or, perhaps, a mixed determination of law and fact, involving as it does the application of precepts of duty to the historical facts as found by the fact finder." *Id.* (quoting *Bober*, 808 P.2d at 620).

Defendant argues that the mere happening of an accident is not evidence of negligence. While a correct statement of the law, Defendant relies on a slip-and-fall case distinguishable from the circumstances here. In *Holguin v. Smith's Food King Properties*, 737 P.2d 96 (Ct. App. 1987), the plaintiff slipped on a floor of a store that had recently been cleaned. *Id.* at 98. The New Mexico Court of Appeals affirmed the trial court's decision to grant defendant summary judgment on the plaintiff's negligence claim because the fact that the floor was slippery by reason of its smoothness, polish, or having been recently cleaned, in the absence of proof of negligent application of wax or polish, did not establish negligence. *See id.* at 99-100. Unlike in *Holguin*, the facts of this case indicate more than a mere accident.

Here, it is undisputed that the server admitted to her manager that she spilled the plate and cover onto Plaintiff who was merely sitting in her chair. Although there is no evidence as to *why* the server acted as she did, Plaintiff has shown sufficient undisputed facts for which the negligence of Defendant is established. *Cf. Hughes v. Walker*, 428 P.2d 37, 39 (1967) ("To establish this lack of ordinary care, plaintiff was not required to prove why defendant acted as he did. Plaintiff's burden was to show facts and conditions from which the negligence of defendant might reasonably be inferred."). First, it is undisputed that Defendant's staff loaded the tray and that the server had exclusive control over the tray at the time she spilled the plate and cover on Plaintiff. Second, the server never indicated that someone else caused her to spill the plate and cover. Rather, she acknowledged that she spilled the plate and cover. Nor has Defendant offered any evidence to indicate Plaintiff or anyone else, particularly any non-employee of Defendant, did anything to cause the server to drop the objects onto Plaintiff. Moreover, unlike a slip and fall case, this is the type of incident where negligence by the server is self-evident. This incident would not have occurred had the server exercised ordinary care. *Cf. Trujeque v. Service Merchandise Co.*, 872 P.2d 361, 364

(1994) (explaining that doctrine of res ipsa loquitur applies when evidence establishes that in ordinary course of events an injury would not occur except through negligence of person in exclusive control and management of injuring instrumentality). Indeed, Defendant's manager admits that a plate and cover falling on a guest who is merely sitting at a table does not meet the level of care that it expects of servers working at its facility. There is simply no question that Plaintiff and an injury to her from dropping a plate onto her while serving her were foreseeable by the server and that a reasonable person would not drop the plate in the exercise of ordinary care. Based on all the undisputed surrounding circumstances, the Court concludes that the server breached her duty to use ordinary care when she allowed the plate and cover on the tray she controlled to fall on Plaintiff. *Cf. Hughes*, 428 P.2d at 39 (holding that, although there was no evidence as to why defendant drove car off road, trial court properly concluded defendant in single car accident was negligent where he was in complete control of vehicle and knew it would be dangerous to drive onto soft shoulder when driving between 55 and 60 miles per hour).

Plaintiff also requests that the Court determine that Plaintiff was not comparatively negligent and that no other person or entity contributed to the accident. The record does not indicate Plaintiff committed any act that a reasonable person would foresee as involving an unreasonable risk of injury to herself such that a reasonable person would not do. *See* N.M. UJI 13-1601 (defining negligence as an act that a reasonably prudent person would foresee as involving an unreasonable risk of injury to herself or to another and that such a person, in the exercise of ordinary care, would not do). Nor does the record show that Plaintiff failed to do an act she had a duty to do to prevent injury to herself. *See id.* (defining negligence also as a failure to do an act that one is under a duty to do and which a reasonably prudent person, in the exercise of ordinary care, would do in order to prevent injury to herself or another). Plaintiff was merely seated at a table when the server spilled

a plate and cover on her, and Plaintiff did not have enough time to react to avoid the collision. The record also does not indicate that any other non-employee of Defendant was negligent. Based on the undisputed facts, the Court concludes as a matter of law that neither Plaintiff nor another person for whom Defendant is not vicariously liable acted negligently.

Defendant nevertheless argues that summary judgment is not generally appropriate in negligence cases. While a true statement of law, Defendant has not shown any material facts that are in dispute with regard to the elements of duty and breach of duty. The Court therefore concludes, as a matter of law, that Plaintiff has proven the first two elements of her negligence claim: Defendant had a legal duty to Plaintiff and Defendant breached that duty. Both parties, however, readily admit that issues of fact exist as to causation and damages. Accordingly, the Court cannot grant summary *judgment* to Plaintiff on the negligence claim. The Court will therefore submit Plaintiff's negligence cause of action to the jury on the only factual issue in dispute: whether Defendant's breach of duty was the proximate cause of Plaintiff's damages. On the issues of law discussed herein for which there is no factual dispute, the jury will be instructed on the Court's rulings consistent with this Memorandum Opinion and Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Partial Summary Judgment (**Doc. 56**) is **GRANTED** in part and **DENIED** in part as follows:

1. Plaintiff's request that the Court conclude as a matter of law that Plaintiff has established that Defendant had a legal duty to Plaintiff and Defendant breached that duty is **GRANTED**;

2. Plaintiff's request that the Court conclude as a matter of law that Plaintiff has established that Plaintiff did not act negligently and that no other non-employee of Defendant acted

9

negligently is **GRANTED**; and

      3.      To the extent Plaintiff is requesting additional relief, any other relief is **DENIED**.

                                               _____
                                          SENIOR UNITED STATES DISTRICT JUDGE